# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-692V
Filed: June 2, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ANTON SCHUMACHER, | |
| Petitioner, | |
| v. | |
| | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lawrence R. Cohan,* Anapol Weiss, Philadelphia, PA, for petitioner.
*Lisa A. Watts,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 2, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that an influenza ("flu") vaccine he received on October 10, 2014, caused him to develop Guillain-Barré Syndrome ("GBS"). On February 2, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 21).

On April 29, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 25). Petitioner requests attorneys' fees in the amount of **$20,040.00** and attorneys' costs in the amount of **$4,323.99** for a total amount of **$24,363.99**. *Id.* at 2.  In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On May 13, 2016, respondent filed a response to petitioner's motion. (ECF No. 27). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $18,000.00 to $21,000.00," citing a number of "similarly-postured" GBS cases where the stipulated fees and costs fell within the given range. *Id.* at 3-4.

On May 16, 2016, petitioner filed a reply. (ECF No. 28). Petitioner argues that respondent "fail[ed] to specifically identify any deficiencies, unreasonableness, or billing issues" and instead provided only "a self-serving 'survey' of what the respondent believes the range for fees and costs in this case should be." *Id.* at 1. Additionally, the cited cases "are not accurately representative of <u>this</u> Petitioner's counsel's similarly-postured GBS cases," as none of them "were from Anapol Wiess." *Id.* at 4 (emphasis in original). Petitioner then provides a list of the attorneys' fees and costs awarded petitioner's counsel in "settled influenza/GBS cases since 2014."[3]

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

Petitioner requests additional attorneys' fees in the amount of $962.50 for preparing the reply. *Id.* at 5 n.1; 7 n.2. However, because petitioner's counsel has filed a near-identical reply in other SPU cases, the undersigned does not find the number of hours requested for the preparation of the reply brief to be reasonable in this case. The undersigned reduces the requested hours to two hours and awards **$550.00** for the preparation of petitioner's reply brief. Thus, the total amount awarded for attorneys' fees and costs is **$24,913.99**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] Although helpful information, the undersigned does note that many of the cases cited involved different circumstances than the present case. For example, in one case an evidentiary hearing was held, and in another case a life care planner was required.

**Accordingly, the undersigned awards the total of $24,913.99[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Lawrence R. Cohan.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.